354

F. M. KEMMER and M. W. QUAMBECK et al., Plaintiffs
and Appellants, v. THE CITY OF BOZEMAN et al., De-
fendants and Respondents.

No. 12120.
Submitted Nov. 30, 1971.
Decided Dec. 28, 1971.
492 P.2d 211

Bolinger & Wellcome, Page Wellcome, argued, Bozeman, for plaintiffs and appellants.

Landoe & Gary, Donald E. White, argued, Berg, O'Connell, Angel & Andriolo, Bozeman, for defendants and respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an action under the Montana Uniform Declaratory Judgment Act, section 93-8901, R.C.M.1947, seeking an order declaring that a city ordinance vacating certain streets and alleys is subject to a right-of-way and easement of the plaintiffs. Plaintiffs allege they are the owners of certain real property situated in the city of Bozeman; that the city commission of that city provisionally adopted an ordinance whereby certain streets and alleys located within the city of Bozeman were vacated; that the plaintiffs represent "the owners of over fifty-one per cent (51%) of the property affected by the vacation" of those streets and alleys; that the ordinance, as adopted, is void and invalid "insofar" as it purports to deprive plaintiffs of their right-of-way and easement" in those streets and alleys; that the ordinance is further void and invalid in that it was adopted conditionally and for a private purpose rather than a public purpose; and, that plaintiffs' property has been impaired by the ordinance in violation of section 11-3310, R.C.M.1947.

Defendants deny the ordinance is void and invalid and allege that the "property was vacated for a public purpose and within the authority of the city of Bozeman to regulate and plan the city's growth and development." Defendants further allege that plaintiffs are not abutting property owners; that none of their reasonable rights of access have been affected; that they have not suffered any special damages due to the vacation of the streets and alleys.

Both parties moved for summary judgment; plaintiffs, in the alternative, also moved for judgment on the pleadings. From an order of the district court of the eighteenth judicial district, Gallatin County, granting defendants' motion for alternative

motion for judgment on the pleadings or summary judgment, plaintiffs appeal.

The facts indicate that in December 1970, Albertsons, a large food store chain, requested by letter that the mayor and city commission of the City of Bozeman vacate certain streets and alleys within that city in order to facilitate the construction of an integrated parking lot to be used in conjunction with a new Albertson's food store and a Skagg's Drug Center. Acting on this request and pursuant to section 11-3310, R.C.M.1947, the city commission notified and served all parties who would be affected by any such vacation, including plaintiffs. Apparently there were three separate public hearings held in compliance with section 11-3310, R.C.M.1947. On February 17, 1971, the city commission provisionally adopted city Ordinance No. 905 which provided, in part, that a portion of the north-south alley running between Juniper and Hemlock Streets were to be vacated without reserving any right-of-way or easement in the plaintiffs. This action followed.

Section 11-3308, R.C.M.1947, grants the city commission the authority to vacate streets and alleys ''When it deems it necessary * * *.'' The record does not include the minutes of the hearings nor does it show the basis upon which the Commission adopted Ordinance No. 905 other than as alleged in defendants' answer.

Section 11-3310, R.C.M.1947 provides:

''The commission in vacating any street or part of a street * * * may include in one ordinance * * * the vacation or narrowing of more than one streets, alley, or avenue, but before vacating any street or part thereof * * * the commission shall first pass a resolution declaring its intention so to do. The city manager shall cause notice of such resolution to be served * * * upon all persons whose property abuts the portion of the street affected by the proposed vacation * * * Unless fifty-one per cent of the affected property [owners] objects to the proposed vacation * * * the commission may

by ordinance declare such vacation * * * and such order of the commission vacating * * * a street or alley, which has been dedicated to public use by the proprietor, shall, to the extent that it is vacated * * * operate as a revocation of the acceptance thereof by the commission, but the right of way and easement therein of any lot owner shall not be impaired thereby.''

The main thrust of plaintiff's argument is that they are ''persons whose property abuts upon the portion of the street affected by the proposed vacation'' and that their ''right of way and easement therein'' will be impaired by such vacation in contravention of section 11-3310, R.C.M.1947. On appeal plaintiffs contend this is not a proper case for summary judgment in that the pleadings present triable issues of material fact, to wit: the nature and extent of impairment that will be suffered by plaintiffs if the street and alley in question are vacated.

While neither the order of the district court granting defendants' motion for summary judgment nor the judgment reflect the basis for the court's order, it would appear from the pleadings, briefs and memorandums, section 11-3310, R.C.M.1947, and the plat map entered into evidence that plaintiffs are not abutting property owners on the portions of Juniper Street and the north-south alley that were vacated. If they are not abutting property owners ,then it is reasonable to assume that the district court found that plaintiffs lacked standing to bring this action and entered summary judgment for the defendants accordingly.

However, we do not believe the record is sufficient to deny plaintiffs' standing at this stage of the proceedings. Section 11-3310 recites that notice shall be served ''upon all persons whose property abuts upon the portion of the street affected * * *.'' While plaintiffs' property does not abut on *the* portion *vacated,* their property does abut on a ''portion *of the street affected* * * *''' and, as such, do have standing to allege and prove that their easement has been ''impaired'' within the meaning of section 11-3310, R.C.M.1947.

358

Respondents have cited Capitol Hill Methodist Church v. City of Seattle, 52 Wash.2d 359, 324 P.2d 1113, for the proposition that the:

"* * * right of access must be 'destroyed or substantially affected,' or, to put it another way, their reasonable means of access must be obstructed, and they must suffer a special damage, *different in kind and not merely degree,* from that sustained by the general public. * * *"

in order to have standing. But in *Capitol Hill* respondents' motion for summary judgment was supported by affidavits with appellants filing counter-affidavits. Thus, the Supreme Court of Washington had before it a reasonable amount of evidence upon which to base its decision in denying appellants standing.

Such is not the case here. The record on appeal is void of any pretrial proceedings under Rule 56(c), M.R.Civ.P. It states:

"* * * Affidavits shall not be considered for any purpose on motion for summary judgment. * * *"

Therefore, we feel the pleadings present triable issue of material fact under Section 11-3310, R.C.M.1947, to wit: Whether plaintiffs' right-of-way and easement of their property has been "impaired by Ordinance No. 905.

The judgment of the district court is reversed and it is ordered that the cause be set for trial.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, DALY and HASWELL concur.